959 F.2d 239
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel CANDIA, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary, Department of Health &
Human Services, Defendant-Appellee.
 No. 91-15019.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1992.
Decided April 13, 1992.
 
 Before SCHROEDER, REINHARDT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Daniel Candia, an applicant for disability benefits, appeals the district court's summary judgment ruling in favor of the Secretary of Health and Human Services. Candia applied for disability benefits in 1983 alleging that he could not work due to hearing loss, dizziness, and peripheral neuropathy. The ALJ found that although Candia was experiencing dizziness, he was not disabled under the Social Security Act, and could perform medium work. The Appeals Council affirmed this decision. Candia filed suit in federal district court asserting that the Appeals Council was in error, and that he was experiencing disabling dizziness twenty-four hours a day. The district court granted the Secretary's motion for summary judgment.
 
 
 3
 This court reviews de novo the district court's decision to grant the Secretary's motion for summary judgment. Fair v. Bowen, 885 F.2d 597, 601 (9th Cir.1989). The Secretary's decision to deny disability benefits must be supported by substantial evidence and free of legal error. See Desrosiers v. Secretary of H.H.S., 846 F.2d 573, 576-77 (9th Cir.1988). The ALJ in this case believed that Candia had established dizziness as an impairment, but concluded that the dizziness was "adequately controlled with medication."
 
 
 4
 The ALJ's decision that Candia, if properly medicated, could perform medium work is not supported by substantial evidence. Most of the doctors who examined Candia believed that the dizziness could be treated with medication. (Dr. Barrios, 10/17/82, Diazepam; Unknown doctor, 6/29/83, Valium; Dr. Barnes, 8/88, Valium; 11/2/88, Dr. Feigal, Valium). Dr. Vincent DiRaimondo, the medical expert selected by the ALJ to review Candia's medical record, believed that Candia's dizziness was subjective and that it "seemed" to be controlled by medication. None of the doctors, and no lay witnesses provided evidence about the range of activities Candia could perform while being treated for the dizziness. There is no dispute that the claimant cannot return to his former work as a house painter because he cannot work at heights or climb ladders. The ALJ made no finding as to the amount or type of medication needed to control the dizziness or the effect the medication would have on Candia's ability to perform medium work.
 
 
 5
 There is not only a lack of evidence that Candia can actually perform "medium work," but the ALJ's findings contradict such a conclusion. The report prepared by the ALJ on April 29, 1989, provided the following:
 
 
 6
 5. The claimant has the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for lifting over 50 pounds, frequently lifting and carrying more than 25 pounds, climbing ladders, and working at heights (20 CFR 404.1545 and 416.945).
 
 
 7
 Medium work, as it is defined at 20 CFR § 404.1567(c), requires that a person be able to lift or carry 50 pounds, and frequently lift or carry objects weighing up to 25 pounds. The functional capacity described by the ALJ in the above paragraph is not consistent with the ALJ's conclusion that Candia is able to perform "medium work." Moreover, medium work requires that a person be able to stand for six hours during an eight hour work day. No evidence cited by the ALJ supports a finding that Candia can stand and work for six hours during an eight hour work day.
 
 
 8
 The ALJ's determination that Candia can engage in medium work if given the proper medication is not supported by substantial evidence. The district court's order of summary judgment is REVERSED with instructions to REMAND for the award of appropriate benefits.
 
 KLEINFELD, Circuit Judge:
 
 9
 I respectfully dissent.
 
 
 10
 The standard governing the scope of our review in this case is clear, and in my view, dispositive. While we review the district court's decision de novo, we review the Secretary's decision only to determine whether it is supported by substantial evidence on the whole record:
 
 
 11
 "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." Substantial evidence means such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. Where the evidence as a whole can support either outcome, we may not substitute our judgment for the ALJ's.
 
 
 12
 Key v. Heckler, 754 F.2d 1545, 1549 (9th Cir.1985) (quoting 42 U.S.C. § 405(g)).
 
 
 13
 The appeal does not put at issue the ALJ's findings that Candia can hear adequately to communicate despite his left ear deafness, that his diabetes is adequately controlled, and that he is not disabled by diabetes-related peripheral neuropathy or various other alleged impairments.
 
 
 14
 The ALJ found that Candia's dizziness claim was "not credible." ER at 11-12 (Finding 4). That means that after listening to Candia, studying the medical evidence, and listening to the other witnesses, he did not believe that Candia was telling the truth about the extent of his dizziness. The ALJ carefully recited his detailed reasons for believing that Candia was exaggerating:
 
 
 15
 (1) Candia told Dr. Barrios he got dizzy tying his shoes and moving his head, but that wasn't consistent with what he reported elsewhere;
 
 
 16
 (2) the dizziness responded to treatment;
 
 
 17
 (3) usually people with dizziness have a history of falling or loss of balance, according to Dr. DiRaimondo, and Candia didn't;
 
 
 18
 (4) Dr. DiRaimondo testified that a person with much of a dizziness problem wouldn't use subways and go up and down steps as Candia has;
 
 
 19
 (5) the dizziness is controlled with Valium, indicating according to Dr. DiRaimondo that it is subjective (as opposed to labyrinthitis dizziness, which has an objective medical cause and would not be controlled with Valium);
 
 
 20
 (6) dizziness was inconsistent with objective findings, such as normal gait despite six years of claimed peripheral neuropathy, no neurological deficit, and no high or low blood sugar readings;
 
 
 21
 (7) he wouldn't have made all those trips to visit his mother if he was telling the truth about how dizzy he was.
 
 
 22
 Although he doesn't rely upon it, the ALJ's finding is also supported by the evidence that Candia often goes to Fisherman's Wharf for recreation.
 
 
 23
 The proposed memorandum disposition faults the ALJ's decision for lack of a finding as to the amount or type of medication needed to control the dizziness or its effect on Candia's ability to work. I understood from page 4, line 23 of the ALJ's decision that the dizziness, such as it was, was well controlled with Valium, but the ALJ didn't believe Candia's claim of dizziness. He does make a finding as to what medication controls it, Valium, and he does find that the dizziness is "adequately controlled." His findings are supported by the reports of at least two examining physicians, ER at 6, the testimony of Dr. DiRaimondo, ER at 8, and the testimony of Candia himself. ER at 8, 10. There is no evidence that Candia's dosage of Valium would interfere with his ability to work. In the absence of such evidence, there is no need for a finding that Candia can work despite the medication which keeps his dizziness controlled. The real significance of the fact that Valium controlled the dizziness was to cast doubt on whether the dizziness existed, because Valium, as the expert relied upon by the ALJ saw it, wouldn't have worked, if the dizziness were genuine and resulted from any organic illness.
 
 
 24
 The ALJ's finding that Candia cannot lift over 50 pounds, frequently lift and carry over 25 pounds, climb ladders or work at heights, ER at 12 (emphasis added), is consistent with his determination that Candia could perform medium work, since medium work doesn't exceed these limits. 20 C.F.R. § 404.1567(c). The ALJ's finding is written, using the words of the regulation, to exclude application of the exception, and include medium work. The ALJ obtained evidence from a vocational expert of work Candia can do without climbing ladders, working at heights or lifting weights beyond his capacity.
 
 
 25
 Had the ALJ come out the opposite way, finding disability, I would also think affirmance was required. There was substantial evidence in this record which a reasonable mind would accept as adequate to support either conclusion. In that circumstance, the secretary's decision, not ours, is supposed to control.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3